IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| CAMERON BOWMAN as Power of Attorney for Jack Bowman<br>227 Portland Blvd.<br>Lebanon, Ohio 45036<br><br>     Plaintiff,<br><br>v.<br><br>ALFREDO A. SANDOVAL<br>45510 Osage Ct.<br>Indian Wells, CA 92210,<br><br>     Defendants. | Case No.<br><br>JUDGE: |

**COMPLAINT**

Plaintiff Cameron Bowman as Power of Attorney for Jack R. Bowman ("Bowman"), for his Complaint against Defendant Alfredo A. Sandoval ("Sandoval"), states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because diversity jurisdiction exists and the amount in dispute is in excess of $75,000, exclusive of interest and costs.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in which a substantial part of the events giving rise to the claim occurred. Venue is proper in the Western Division of this Court pursuant to S.D. Ohio Civ. R. 82.1 in that a substantial part of the events giving rise to the claim occurred in Montgomery County, Ohio.

## PARTIES

3. Plaintiff Bowman is an individual who is resides in Lebanon, Ohio.

4. Defendant Sandoval is an individual who upon information and belief resides in Indian Wells, California.

## FACTS

5. Bowman, Sandoval, and The Private Investment Group, Inc. (the "Corporation") entered into a Shareholder Agreement (the "Agreement") on December 1, 2009.  A true and accurate copy of the Agreement is attached hereto as Exhibit A.

6. Bowman is a fifty percent (50%) shareholder in the Corporation.

7. Sandoval is a fifty percent (50%) shareholder in the Corporation.

8. Bowman and Sandoval are the only officers of the Corporation.

9. Bowman executed a durable power of attorney, appointing Cameron Bowman, dated September 17, 2018 ("POA").

10. On or about July 12, 2021, Bowman suffered a stroke rendering him disabled.

11. Cameron Bowman has been legal guardian since the triggering event in the POA occurred, on August 18, 2021, via certification by a licensed physician, immediately vesting Cameron Bowman with the full power and responsibility to manage Bowman's affairs, including shareholder rights pursuant to the Agreement.

12. In accordance with Sections 4(b) and 7(a), as a result of Bowman's disability, Bowman offered to sell his shares in the Corporation (the "Shares") under the Agreement to Sandoval more than one-hundred and eighty (180) days prior to filing this lawsuit.

13. Sandoval never responded to Bowman's offer to sell the Shares.

14. Pursuant to Section 7(b) of the Agreement, if the shareholders fail to agree to a value of the Corporation the value is to be determined by the average of two independent appraisals with each appraisal to be arranged by the Corporation's counsel, who was James K. Hemenway ("Hemenway").

15. Under information and belief, Hemenway is unable to perform the duties proscribed under the Agreement.

16. The Corporation does not currently have counsel.

17. Bowman and Sandoval have been unable to agree on independent appraisers.

18. Section 7(c) of the Agreement provides that in the event Sandoval, or another authorized entity or person, fails to purchase all of the Shares and such failure or refusal continues for a period of one hundred and eighty days after the original notice of the offer to sell then the parties agree that "the Corporation shall and will be liquidated and dissolved forthwith, that all salaries, draws and other such compensation of all Shareholders, Officers, and Directors shall immediately cease, and the net proceeds of liquidation shall be distributed to each Shareholder pro rata to his interest in the Corporation."

19. Pursuant to Section 14 of the Agreement, Bowman is "entitled to obtain equitable relief by injunction or otherwise from any court of competent jurisdiction, including, without limitation, injunctive relief to prevent a Shareholder's failure to comply with the obligations set forth here."

20. Section 15 of the Agreement permits Hemenway to mediate any matter regarding or concerning the Corporation or the Agreement; however if Hemenway has failed or elected not to decide a disputed matter then the parties are free to pursue any legal remedy that they may have in a court of competent jurisdiction.

## COUNT I – SPECIFIC PERFORMANCE

21. Plaintiff incorporates paragraphs 1 through 18 of its Complaint as though fully rewritten herein.

22. Bowman offered to sell Sandoval the Shares more than one hundred and eighty (180) days ago.

23. Sandoval refused to engage in discussions regarding purchasing the Shares and therefore the parties are unable to agree on the value of the Corporation.

24. Hemenway is unable to secure independent appraisers pursuant to the Agreement due to Sandoval's refusal.

25. Sandoval continues to refuse to agree to arrange for two independent appraisals.

26. Sandoval's failure and/or refusal to agree to independent appraisals to determine the value of the Corporation may only be remedied by this Court's exercise of its equitable powers to order specific performance of this obligation.

27. Bowman has no adequate remedy at law and will suffer irreparable injury unless specific performance of this provision under the Agreement is ordered.

## COUNT II – SPECIFIC PERFORMANCE

28. Plaintiff incorporates paragraphs 1 through 27 of its Complaint as though fully rewritten herein.

29. If this Court does not grant the specific performance sought under Count I then, in the alternative, Bowman seeks specific performance as described herein.

30. Bowman offered to sell Sandoval the Shares more than one hundred and eighty (180) days ago.

31. Bowman and Sandoval were unable to agree on the value of the Corporation or on independent appraisers.

32. Hemenway is unable to mediate the dispute.

33. Sandoval has failed to purchase the Shares for a period of more than one hundred and eighty (180) days after Bowman's initial offer.

34. As a result, the Agreement requires the Corporation to be liquidated and dissolved.

35. To date, Sandoval has refused to cooperation with liquidating and dissolving the Corporation.

36. Sandoval's failure and/or refusal to liquidate and dissolve the Corporation may only be remedied by this Court's exercise of its equitable powers to order specific performance of this obligation.

37. Bowman has no adequate remedy at law and will suffer irreparable injury unless specific performance of this provision under the Agreement is ordered.

## **COUNT III – JUDICIAL DISSOLUTION OF THE PRIVATE INVESTMENT GROUP, INC.**

38. Plaintiff incorporates paragraphs 1 through 37 of its Complaint as though fully rewritten herein.

39. If this Court does not grant the specific performance sought under Count I then, in the alternative, Bowman seeks dissolution of the Corporation pursuant to O.R.C. Section 1701.91.

40. O.R.C. Section 1701.91 provides this Court with the authority to judicially resolve a corporation and wind up its affairs, when it is established that the directors of the

corporation are deadlocked in the management of the corporate affairs and the shareholders are unable to break the deadlock.

41. The directors of Corporation are Bowman and Sandoval. They are also the only shareholders - each owning and controlling an equal number of shares.

42. The conditions for the dissolution of the Corporation are present in this case and Bowman is entitled to the dissolution of the Corporation.

## **COUNT IV – BOOKS AND RECORDS**

43. Plaintiff incorporates paragraphs 1 through 42 of its Complaint as though fully rewritten herein.

44. Ohio Revised Code §1701.37 requires corporations to keep certain books and records and provide them to shareholders upon written request.

45. Bowman made such written demand upon Sandoval.

46. Sandoval failed to comply with Bowman's request.

47. Bowman demand that Sandoval complies with his obligations pursuant to the Ohio Revised Code and provide Bowman with the Corporation's books and records including, without limitation, all digital accounting records, the entirety of the quick books digital files.

**WHEREFORE**, Plaintiff Cameron Bowman as Power of Attorney for Jack R. Bowman prays for the following relief against Defendant Alfredo Sandoval:

(a) Requiring Sandoval to cooperate and hire two independent appraisers to determine the value of the Corporation; or

(b) In the alternative for the dissolution and liquidation of the Corporation; and

(c) Copies of the Corporation's books and records; and

(c) Attorneys' fees, interest, expenses, and costs; and

  (d)  For such other and further relief, in law or in equity, as this Court deems just and reasonable.

              Respectfully submitted,

              /s/ *Mark S. Fusco*
              Mark S. Fusco (# 0040604)
               mfusco@walterhav.com
               Direct Dial: 216-619-7839
              Alexandra V. Dattilo (# 0086444)
               adattilo@walterhav.com
               Direct Dial: 216-928-2900
              W<small>ALTER</small> | H<small>AVERFIELD</small> LLP
              1301 E. Ninth Street, Suite 3500
              Cleveland, OH  44114
              (216) 781-1212 telephone
              (216) 575-0911 facsimile

              *Attorneys for Plaintiff, Jack Bowman*